NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1081

LEE JOSEPH PETITJEAN, JR., ET AL.

VERSUS

HIBERNIA NATIONAL BANK OF LAKE CHARLES

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 1999-2849
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Michael G. Sullivan, Judges.

AFFIRMED.

Homer E. Barousse, Jr.
Barousse & Craton, L.L.C.
Post Office Box 1305
Crowley, LA 70527-0730
(337) 785-1000
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Lee Joseph Petitjean, Jr.
    Angela Colleen Petitjean Leger
    Rochelle Denise Petitjean
    Larry G. Broussard, trustee of the LP Trust, ACL Trust, and RDP Trust

**J. Michael Veron**
**Bice, Palermo & Veron**
**Post Office Box 2125**
**Lake Charles, LA 70602**
**(337) 310-1600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Hibernia National Bank**

**Russell J. Stutes, Jr.**
**Stutes & LaVergne**
**Post Office Box 1644**
**Lake Charles, LA 70602**
**(337) 433-0022**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Hibernia National Bank**

**A. J. Gray, III**
**The Gray Law Firm**
**Post Office Box 1467**
**Lake Charles, LA 70602-1467**
**(337) 494-0694**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Hibernia National Bank**

PETERS, J.

The plaintiffs in this matter are Larry G. Broussard, the current trustee of the LJP Trust, the ACL Trust, and the RDP trust; and Lee Joseph Petitjean, Jr., Angela Colleen Petitjean Leger, and Rochelle Denise Petitjean, three of the income and principal beneficiaries of the three trusts. The defendant is the Hibernia National Bank of Lake Charles,[1] a former co-trustee of the three trusts. The plaintiffs brought suit against the defendant under the Louisiana Trust Code, La.R.S. 9:1721, *et seq*, asserting that the former trustee had breached its duty of loyalty to them and that the trusts had suffered losses as a result of the breach. The plaintiffs appeal the trial court's grant of the defendant's motion for summary judgment dismissing their claim. For the following reasons, we affirm the trial court in all respects.

## SCOPE OF REVIEW

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Champagne v. Ward,* 03-3211 (La. 1/19/05), 893 So.2d 773. The inquiry is whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." *Id.* The mover has the burden of proving entitlement to summary judgment. La.Code Civ.P. art. 966(C)(2). However, La.Code Civ.P. art. 966(C)(2) further explains that if the movant will not bear the burden of proof at trial on the

---

[1]Pleadings in the record suggest that Hibernia National Bank of Lake Charles is now Capital One, N.A. However, the change of ownership is not pertinent to the resolution of the issue before us, and we will refer to the defendant as Hibernia National Bank of Lake Charles.

matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

## DISCUSSION OF THE RECORD

The trusts at issue were established by the Petitjean plaintiffs' grandparents, Joseph M. Petitjean and Thelma Broussard Petitjean. The grandparents had two children, Lee Joseph Petitjean and Emily Petitjean Bell, and amassed a considerable fortune during their lifetime. Between 1971 and 1974, they established six trusts for their two children and their eleven grandchildren. The three trusts which are the origin of the issues in this litigation are the Lee Petitjean Trust, the Lee Petitjean Inter Vivos Trust, and the Lee Petitjean Investment Trust.

The Lee Petitjean Trust was established by Joseph M. Petitjean in his Last Will and Testament dated July 7, 1971. He and his wife established the Lee Petitjean Inter Vivos Trust by a notarial act dated July 28, 1971, and Joseph M. Petitjean established the Lee Petitjean Investment Trust by a notarial act dated October 1, 1974. In the two inter vivos trusts, Joseph M. Petitjean and the Calcasieu Marine National Bank (later to become the Hibernia National Bank of Lake Charles, which will collectively be referred to herein as "the Bank") were named co-trustees. Joseph M. Petitjean named the Bank as the sole trustee of the mortis causa trust. All three trusts designated Lee

2

Petitjean as income beneficiary and designated his five children as the principal beneficiaries.[2]

Joseph M. Petitjean died on December 24, 1978,[3] and thereafter the Bank served as the sole trustee of all three trusts. The trusts were modified by judicial decree such that, when Lee Joseph Petitjean died on December 22, 1997, his five children became both the income and principal beneficiaries of not three, but nine, individual trusts. A March 3, 1998 judgment reduced the number to three: the LJP Trust, the ACL Trust, and the RDP Trust. On July 28, 1998, the Bank obtained judicial authorization to resign as trustee and, thereafter, delivered the assets of the trust to Larry G. Broussard, who became the successor trustee effective August 5, 1998.

In paragraphs 16 and 17 of their petition, the plaintiffs asserted that the Bank breached its duty to them under the trust and/or committed acts of gross negligence and misconduct in the administration of the trusts:

a) By leasing hunting rights on Petitjean Farms, Inc. for no or inadequate consideration to only certain beneficiaries;

b) By entering into unfavorable contracts with tenant farmers;

c) By failing to properly manage the drier facilities;

d) By renting assets without adequate payment;

e) Disposing of profitable assets for less profitable assets owned or controlled by the bank.

In paragraph 18 of their petition, the plaintiffs further asserted that the Bank profited from a breach of trust in dealing with the beneficiaries themselves by

---

[2]Two of the instruments creating the trusts include provisions in favor of Thelma Broussard, but those provisions do not affect the resolution of the issues now before the court.

[3]It is clear from the record that Thelma Broussard was also deceased at the time of the filing of this suit, but the record does not specify the date of her death.

a)     Loans to Petitjean Farms, Inc., which it controlled with knowledge that it could not repay loans from farm income

b)     By failing to communicate to the beneficiaries all the material facts in connection with the loan to the Bank

c)     By charging excessive fees and incurring excessive legal and other expenses.

They further asserted in their petition that the Bank was aware that Joseph M. Petitjean had established the trusts to prevent his son, their father, from "dissipating the entire estate" and that, despite this knowledge, the Bank allowed their father access to the funds of the trusts, knowing he did not have the funds to repay the trusts; that the Bank had improperly sold the family home; and that it had failed to provide them with "the necessary funds to go to college and/or the necessities of life." By amendment to the original petition filed September 3, 1999, Larry G. Broussard, in his capacity as trustee of the three trusts, joined the litigation as a party plaintiff.

Following a hearing, the trial court granted the Bank's motion for summary disposition, dismissing the plaintiffs' claims with prejudice. The plaintiffs now appeal that judgment, asserting two assignments of error.

**OPINION**

In their first assignment of error, the plaintiffs argue that the trial court erred in granting the Bank's motion for summary judgment because there exists numerous issues of disputed material fact that preclude a grant of summary judgment. Specifically, they argue that the following facts are in dispute:

1)     Whether Capital One, N.A. (former Hibernia National Bank and successor to Calcasieu Marine National Bank) breached their duty of loyalty to the Principal Beneficiaries,

2)     Whether the loans made by the Trustee to Petitjean Farms, Inc., the principal asset of the Trust, breached the duty of loyalty to the Principal Beneficiaries,

4

3)   Whether the Trustee properly complied with the clear provisions of the Trust relating to the allocation of assets to the beneficiaries of both principal and income,

4)   Whether the Trustee breached their duty to the Principal Beneficiaries by making excessive distributions in the form of cash dividends from Petitjean Farms, Inc., to the income beneficiaries, thus dissipating the value of the principal asset of the Trust,

5)   Whether the Trustee properly allocated the proceeds of mineral interests, and other property subject to depreciation, to both principal and income,

6)   Whether the Trustee breached their duty to the Income Beneficiaries by making loans from the commercial side of the trustee bank to Petitjean Farms, Inc. the principal asset of the Trust, that the Trustee was bound by law and by the Testementary Trust to preserve for the benefit of the Principal Beneficiaries,

7)   Whether the Trustee made excessive cash distributions to the Income Beneficiaries, directly from the Trust, reducing the value of the Principal Beneficiaries' interests.

As previously stated, the plaintiffs pursue their claims under the provisions of the Louisiana Trust Code, La.R.S. 9: 1721, *et seq.* With regard to a trustee's liability to the beneficiaries, La.R.S. 9:2201 provides:

If a trustee commits a breach of trust he shall be chargeable with:

(1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or

(2) A profit made by him through breach of trust; or

(3) A profit that would have accrued to the trust estate if there had been no breach of trust.

The Bank agrees that the breach issue is disputed but suggests that, regardless of the resolution of that issue, the plaintiffs cannot establish any loss or depreciation of the value of the trusts or loss of profit by any breach of trust. That is to say, the plaintiffs cannot establish this essential element of their case and, therefore, they cannot be

5

successful at trial. La.Code Civ.P. art. 966(C)(2). In support of its position in this regard, the Bank introduced copies of the trust instruments themselves as well as excerpts from the deposition testimony of Richard W. Petrie, Jr., George F. Ballard, and Michael Terranova.

When asked about the assertions of the plaintiffs' petition as previously listed, Petrie, who purportedly has extensive experience as a trust officer in a commercial national bank, testified that he had nothing to suggest that the trusts lost money through the Bank's management actions. Ballard, a Certified Public Accountant, testified in his deposition that he had been retained by the plaintiffs to compute their damages. He acknowledged that the plaintiffs would have had no rights under the trusts prior to their father's death and said that he had made no loss calculations from their father's death through the Bank's release as trustee. In fact, the only elements of damages he had addressed at the time of the taking of his deposition were the interest that accrued on the loans to Petitjean Farms, Inc., and the alleged trustee and legal fees. All of these, he asserts, arose because of the lack of communication between the Bank and the beneficiaries. However, he gave no basis for his conclusion in this regard. Rather, he decided on his own that the plaintiffs should be able to recover these amounts despite having no single authority to support his decision.

Terranova, a Certified Public Accountant retained by the Bank, testified that he reviewed the reports of Petrie and Ballard and could find no causal connection between any act of the Bank and any direct loss to the trusts.

Once the Bank made a *prima facie* showing that there is an absence of factual support for any financial loss suffered by the plaintiffs, the burden shifted to the

6

plaintiffs to show that they could satisfy their evidentiary burden of proof on this issue at trial. La.Code Civ.P. art. 966(C)(2). In opposition to the motion for summary judgment, the plaintiffs introduced into evidence excerpts from the depositions of Petrie and John A. Rodgers, III, a trusts expert. However, neither of these exhibits include any testimony that the trusts suffered any losses or depreciation in value, nor lost any profits, nor that the Bank had made a profit by its breach of trust.

At the hearing on the motion for summary judgment, the plaintiffs' counsel argued that at trial their expert witnesses would testify that there were losses to the trusts amounting to three or three and a half million dollars, but no affidavits or other documentary evidence supporting this allegation was placed in the record. This argument by counsel, unsupported by affidavits, depositions, or other factual proof, is not sufficient to carry the plaintiffs' burden of showing they will be able to prove their case at trial. *See Suire v. Lafayette City-Parish Consol. Gov't,* 04-1459 (La. 4/12/05), 907 So.2d 37.

Therefore, we find no merit in this assignment of error. Even if we were to find that the issues raised by the plaintiffs are material factual disputes, the plaintiffs have not shown that they can carry their burden of proof on the issue of actual loss.

In their remaining assignment of error, the plaintiffs assert that the trial court erred in refusing to allow them to introduce excerpts of the deposition of Edward K. Hunter, a Lake Charles, Louisiana attorney who drafted the trusts for Joseph M. Petitjean. The plaintiffs sought to introduce this deposition testimony to establish statements made to Mr. Hunter by Joseph M. Petitjean concerning the character and actions of his children and grandchildren. As the deposition testimony does not

7

address the actual losses allegedly suffered by the plaintiffs, our ruling on the first assignment of error renders this issue moot. Therefore, we will not address this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting summary judgment in favor of the defendant, Hibernia National Bank of Lake Charles, dismissing the demands of Larry G. Broussard as trustee of the LJP Trust, the ACL Trust, and the RDP Trust; Lee Joseph Petitjean, Jr.; Angela Colleen Petitjean Leger; and Rochelle Denise Petitjean. We assess all costs of this appeal to the plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.